**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RODY L.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 25 CV 12964<br><br>Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rody L. appeals the Commissioner of Social Security's decision denying his application for benefits. For the following reasons, plaintiff's motion to reverse and remand [16] is granted, defendant's motion for summary judgment [19] is denied, and the case is remanded for further administrative proceedings.[1]

## Background

In June 2022, plaintiff applied for supplemental security income, alleging a disability onset date of February 1, 2015. [13-1] 17. The claim was denied initially, on reconsideration, and by an administrative law judge (ALJ) after a hearing. [*Id.*] 17-33. The Appeals Council denied review in August 2025 [*id.*] 1-6, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court, and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date. [13-1] 19. At step two, the ALJ determined that plaintiff suffers from the following severe impairments: diabetes mellitus, asthma, history of right ankle fracture, history of left knee dislocation, obesity, anxiety, depression, and attention-deficit

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [13], which refer to the page numbers in the bottom right corner of each page.
[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge [9].

hyperactivity disorder. [*Id.*]. At step three, the ALJ ruled that plaintiff's impairments did not meet or equal a listed impairment. [*Id.*] 19-21. Before turning to step four, the ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform light work, except that, as relevant here, plaintiff can (1) understand, remember, and carry out simple instructions; (2) make simple work-related decisions; and (3) occasionally interact with supervisors, coworkers, and the general public. [*Id.*] 23-32. At step four, the ALJ found that plaintiff had no past relevant work. [*Id.*] 32. At step five, the ALJ held that jobs existed in significant numbers in the national economy that plaintiff could perform: mail room clerk (48,000 jobs), office helper (56,000 jobs), and housekeeper (660,000 jobs). [*Id.*] 32-33. The ALJ therefore determined that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that a remand is warranted because the ALJ (1) did not account for plaintiff's moderately limited ability to concentrate, persist, or maintain pace (CPP); and (2) patently erred in evaluating his subjective symptom allegations. The Court agrees that the ALJ failed to account for plaintiff's moderately limited ability to maintain concentration and attention for extended periods, and that this error requires a remand.[3]

The ALJ's RFC assessment "must incorporate all of the claimant's limitations supported by the medical record." *Burmester v. Berryhill*, 920 F.3d 507, 511 (7th Cir. 2019). "As part of this assessment, the ALJ must consider–but is not required to adopt–the findings of state-agency psychologists." *Ellen B. v. Bisignano*, No. 23 CV 2183, 2025 WL 2229799, at *2 (N.D. Ill. Aug. 5, 2025) (internal brackets and quotation marks omitted). "When these psychologists assess a claimant's mental RFC, they use a form called Mental Residual Functional Capacity Assessment, which has two relevant components: (1) a checkbox-type worksheet for the psychologist to assess the claimant's limitations and (2) a narrative section that contains a written assessment

[3] Because this issue is dispositive, the Court does not reach the other issues raised in plaintiff's brief.

of the claimant's RFC." *Id.* (internal quotations omitted). When evaluating these opinions, "[t]he ALJ must consider whether the consultants' narrative RFC assessment adequately encapsulates and translates the checklist." *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021) (internal quotation marks omitted).

In this case, the state agency reviewer at the reconsideration level, Dr. Tin, found that plaintiff had "sustained concentration and persistence limitations." [13-1] 123. More specifically, Tin opined that plaintiff's ability to maintain attention and concentration for extended periods was moderately limited." [*Id.*]. Dr. Tin also found that plaintiff was moderately limited in his ability to work in coordination with or in close proximity to others without being distracted by them. [*Id.*]. In the narrative section of his report, Dr. Tin continued:

> Claimant can carry out short and simple instructions but claims that claimant has a short attention span of about 3 minutes, cannot complete tasks and has problems following spoken and written instructions.
>
> * * *
>
> Claimant's statements are partially consistent as allegation of disability is inconsistent with the ADLs, the most recent assessment(s) and other data in the medical record . . . Claimant's allegation of the severity of the disorder is not consistent with claimant's ability to function generally well from day to day. Claimant has difficulty carrying out detailed instructions and maintaining attention and concentration for extended periods, however the person is capable of performing simple routine tasks.

[*Id.*] 123-24.

The ALJ determined that plaintiff had a moderate CPP limitation and, in so ruling, found that Dr. Tin's opinions were "persuasive." [13-1] 30. According to the ALJ, Tin "provided support for his opinion with reference to the medical evidence . . . and the claimant's course of treatment for his mental health impairments." [*Id.*]. "Additionally," the ALJ noted, "the limitations assessed by Dr. Tin are consistent with the claimant's subjective reports regarding his symptoms and limitations, including difficulty focusing/concentrating and being around other people." [*Id.*]. Finally, the ALJ stressed that Dr. Tin was "an experienced psychological consultant who has developed expertise in evaluating claimants' impairments under the Social Security Act and Regulations." [*Id.*]. Despite finding Dr. Tin's opinions persuasive, the ALJ did not include in the mental RFC determination–or explain why he did not include–a limitation reflecting that plaintiff had moderate difficulties sustaining concentration and attention over extended periods or working in proximity with others without becoming distracted. *See* [*id.*] 23-27, 30. Rather, the ALJ purported to

account for plaintiff's CPP limitations by limiting him to simple work that involved simple decision-making and only occasional interactions with the general public. [*Id.*] 23.

A remand is required because the mental RFC determination "fail[s] to address the durational aspect of" plaintiff's CPP limitations. *Clay v. Bisignano*, Cause No. 1:24-CV-279-TLS-AZ, 2025 WL 1587269, at *4 (N.D. Ind. June 4, 2025). The Seventh Circuit has "repeatedly stated that an RFC does not account for CPP limitations when it limits a claimant to certain kinds of work without addressing the claimant's ability to sustain that work." *Keck v. O'Malley*, No. 22-1716, 2024 WL 3935441, at *2 (7th Cir. Aug. 24, 2024). This is because "observing that a person can perform simple and repetitive tasks says nothing about whether the individual can do so on a sustained basis, including, for example, over the course of a standard eight-hour work shift." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019). Accordingly, "[t]o account for CPP limitations, the ALJ must not only address what kind of work a plaintiff can do, but whether, and to what extent, the plaintiff can sustain that work." *Latoya M. v. Bisignano*, No. 25 C 15058, 2026 WL 2958327, at *3 (N.D. Ill. Oct. 1, 2026). Because the ALJ did not address whether or to what extent plaintiff could perform simple work on a sustained basis, the case must be remanded. *Accord Keck*, 2024 WL 3935441, at *3; *Latoya M.*, 2026 WL 2958327, at *2-3; *Michelle H. v. Comm'r of Soc. Sec.*, No. 23 C 3222, 2026 WL 508992, at *4 (N.D. Ill. Feb. 24, 2026) (remanding where state agency reviewers found that plaintiff was moderately limited in ability to maintain attention and concentration for extended periods but ALJ "did not provide any consideration for a durational aspect" of plaintiff's CPP limitations); *Ricky W. v. Dudek*, No. 24 C 5520, 2025 WL 1180972, at *2 (N.D. Ill. Apr. 23, 2025) ("While the ALJ recognized Plaintiff's limitations with respect to concentration and attention, the RFC does not account for the durational aspect of Plaintiff's limitations. This constitutes error.").

The Commissioner's arguments to the contrary lack merit.

First, the Commissioner insists that "recent Seventh Circuit case law" holds that an ALJ's RFC assessment should be affirmed "when it is consistent with a medical expert's translating opinion." [20] 11. But that contention bypasses a critical threshold question: did Dr. Tin's narrative explanation of plaintiff's mental RFC accurately translate his checklist findings? *Pavlicek*, the case relied on so heavily by the Commissioner, *see* [20] 6-8 & n.1, makes clear that an ALJ should not rely on an agency reviewer's narrative summary without first considering whether the "narrative RFC assessments adequately encapsulated and translated the checklist." 994 F.3d at 783 (internal quotation marks and brackets omitted). The Commissioner asserts that Dr. Tin's checklist findings were consistent with his narrative explanation, but he does not explain how this is so. *See* [20] 10-11. Nor can the Court see how Tin's conclusion that plaintiff can perform simple work accounts for Tin's separate conclusion that plaintiff is moderately limited when it comes to sustaining

attention and concentration for extended periods. *See Keck*, 2024 WL 3935441, at *2; *Crump*, 932 F.3d at 570.[4]

Second, the Commissioner faults plaintiff for "never actually reveal[ing] what he believes was missing from" the ALJ's RFC determination. [20] 8. But plaintiff's opening brief clearly spells that out: Plaintiff contends that the RFC determination should have included limitations reflecting his inability to sustain concentration and attention for extended periods of time. *See* [16] 5-8. These limitations have an obvious bearing on plaintiff's need for breaks and his ability to stay on task during the workday, yet the ALJ never asked the vocational expert to consider them when opining on the kinds of jobs a hypothetical claimant with plaintiff's RFC could perform. *See* [13-1] 50-51; *cf. Pufahl v. Bisignano*, 142 F.4th 446, 460 (7th Cir. 2025) (recognizing that, "in most cases," terms like "simple, repetitive tasks on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of [CPP]" but affirming denial of benefits where ALJ "included a further limitation beyond simple and routine tasks by limiting the hypothetical claimant to only being able to maintain attention and concentration for two-hour segments") (internal quotation marks and brackets omitted)

Third, the Commissioner argues that, because the revised regulations defining a moderate limitation as "functioning in this area independently, appropriately, effectively, and *on a sustained basis is fair*," there is "no obvious, per se, or logical disconnect between a moderate rating in the general area of [CPP] and an ability to complete simple tasks on an effective and sustained basis." [20] 6-7 (emphasis in original). This argument, too, misses the point. "The Agency's guidance makes clear that 'moderate' impairments should be considered when an ALJ calculates the claimant's residual ability to work," and "[t]o enable meaningful review, the ALJ must at least describe what the moderate limitations are and how they affect the ability to work." *Diana A.A. v. Bisignano*, No. 24 C 5277, 2026 WL 1815833, at *10 (N.D. Ill. June 24, 2026). Here, however, the ALJ never mentioned the moderate limitation in sustaining attention and concentration for extended periods or considered how it affected plaintiff's ability to work. Nor did the ALJ "attempt to justify the RFC by explaining that a 'moderate' limitation in CPP means a fair level of functioning." *Id.* Accordingly, to uphold the denial of benefits on this ground would require the Court to go far beyond identifying a rationale that can be fairly inferred from the ALJ's decision and give the decision "a different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

---

[4] The Court notes that there is an apparent discrepancy between the mental RFC, which states that plaintiff can occasionally interact with supervisors, coworkers, and the general public, and Tin's finding that plaintiff was moderately limited in his ability to work in coordination with or in proximity to others without being distracted by them. The ALJ did not address that specific checkbox finding in his decision. Accordingly, the ALJ should address this issue on remand.

Finally, the Commissioner does not raise a harmless-error argument, so any such argument is forfeited. *See Keck*, 2024 WL 3935441, at *4 (Kirsch, J., concurring).

**Conclusion**

Plaintiff's motion to reverse and remand [16] is granted, and defendant's motion for summary judgment [19] is denied. The decision of the Social Security Administration is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: October 30, 2026**